United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES LEACHMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:19-cv-2943 |
| VS. | § | |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| Respondent.[1] | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Matthew Leachman (SPN #01525039), a pretrial detainee at the Harris County Jail, has filed a *pro se* petition for a federal writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry Nos. 1, 7). Leachman challenges the state criminal prosecutions in cause numbers 786224, 1520246, and 1520247 on speedy trial, vindictive prosecution, and double jeopardy grounds. (*See* Docket Entry No. 7). The respondent has answered with a motion to dismiss, arguing that Leachman is not entitled to relief. (Docket Entry No. 10). Leachman has responded. (Docket Entry No. 12).

---

[1] Leachman asserts that the sole proper respondent in this case is the State of Texas and he requests that the Court order that the caption be restyled to reflect such. (*See* Docket Entry No. 12, at 7–8). In a habeas proceeding under § 2241, the only proper respondent is the "person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]here is generally only one proper respondent to a given prisoner's habeas petition" and the custodian is "'the person' with the ability to produce the prisoner's body before the habeas court." *Padilla*, 542 U.S. at 435–36. Because Leachman is presently confined at the Harris County Jail, the only proper respondent is Harris County Sheriff Ed Gonzalez. The Clerk is directed to update the caption of the case to so reflect.

1

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the Court grants the respondent's motion to dismiss Leachman's claims. The reasons are explained below.

## I.  PROCEDURAL BACKGROUND AND CLAIMS

In 1998, Leachman was charged with aggravated sexual assault of a child in cause number 786224.[2]  *See Ex parte Leachman*, 554 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (summarizing procedural history of Leachman's criminal convictions).  Prior to trial, the state district court judge denied Leachman's motion to represent himself.  *See id.*; *Leachman v. Stephens*, No. 4:11-CV-212, 2015 WL 5730378, at *1 (S.D. Tex. Sept. 30, 2015) (summarizing procedural history of Leachman's state conviction and appeal).  Following a jury trial, Leachman was found guilty and sentenced to 40 years' imprisonment.  *Ex parte Leachman*, 554 S.W.3d at 733 (citation omitted). Leachman then filed a direct appeal and raised several claims of error, including a claim that the trial court erred by denying his request to represent himself.  *See Leachman*, 2015 WL 5730378, at *1.

After exhausting his state remedies on the issue, Leachman filed a federal petition for writ of habeas corpus, which included a claim challenging the denial of his right to self-representation.  *See id.*  The Honorable United States District Court Judge Kenneth M.

---

[2] In separate proceedings, Leachman pleaded guilty to three counts of indecency with a child—involving different children than the complainant in cause number 786224—in cause numbers 786226, 720366, and 786223.  *See Ex parte Leachman*, 554 S.W.3d 730, 733 n.3 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (describing procedural history of Leachman's state court convictions).  In 1999, he was sentenced to 20 years' imprisonment in each case, to run concurrently.  *See id.*  These cases are not at issue here.

Hoyt denied the petition on January 13, 2012, after finding, *inter alia*, that Leachman's claim that he was denied his right to represent himself in violation of *Faretta v. California*, 422 U.S. 806 (1975), was procedurally defaulted, and that Leachman was unable to demonstrate cause and prejudice to excuse that default.  *See id.*; *Leachman v. Thaler*, Case No. 4:11-cv-212, Docket Entry No. 20 (S.D. Tex., Houston Div.).  Leachman then appealed to the Fifth Circuit.  The Fifth Circuit affirmed the district court's judgment on all issues, except the finding that Leachman could not demonstrate cause and prejudice to excuse the procedural default of his self-representation claim.  *See Leachman v. Stephens*, 581 F. App'x 390 (5th Cir. 2014).  On remand, Judge Hoyt found that Leachman was entitled to relief on his *Faretta* claim and ordered his release, unless the State moved to grant him a new trial within 90 days.  *See Leachman*, 2015 WL 5730378, at *6.

On November 4, 2015, the State timely moved for a new trial under cause number 786224, and the request was granted.  *See Ex parte Leachman*, 554 S.W.3d at 734.  Later, in August 2016, the state court granted the State's motions to transfer its prior filings to new cause numbers, noting that the original indictment under cause number 786224 had been reindicted into two separate trial court cause numbers: 1520246 (anal sodomy) and 1520247 (oral sodomy).  *Id.*  This occurred after the grand jury indicted Leachman on two separate counts of aggravated sexual assault of a child.  *Id.*  Leachman subsequently filed a pretrial habeas corpus application in the trial court on August 30, 2016, arguing that while the State may seek a new indictment on the same offense, the superseding indictment must mirror the initial charge.  *Id.*  Leachman asserted that the State was violating the Fifth Amendment's Double Jeopardy Clause by attempting to turn the single charge into two

separate charges, two convictions, and two sentences. *See id.* On September 28, 2016, the habeas judge (who did not preside over Leachman's original trial) held a hearing on Leachman's habeas application, and denied the application that same day. *Id.* at 734–35. Leachman then appealed that ruling. On June 19, 2018, the Texas First Court of Appeals affirmed the trial court's denial of Leachman's pretrial habeas application. *Id.* at 741.

On August 5, 2019, Leachman filed the pending federal petition for writ of habeas corpus under 28 U.S.C. § 2241, and on September 23, 2019, he filed an amended petition. (*See* Docket Entry Nos. 1, 7). Leachman contends that he is entitled to federal habeas relief under § 2241 as a pretrial detainee for three reasons.

First, he argues that the criminal prosecution in cause numbers 1520246 and 1520247 violate the Double Jeopardy Clause's prohibition on multiple trials and multiple punishments. (Docket Entry No. 7, at 6). Leachman states that after Judge Hoyt declared his 1998 conviction in cause number 786224 unconstitutional, the State obtained new indictments—which were cause number 1520246 and cause number 1520247—based on the same offense charged in the indictment in cause number 786224, while also leaving the original indictment in cause number 786224 active. (*Id.* at 7). Leachman claims that the State's "attempt to multiply the number of trials and punishments I face in the reprosecution of the 'same offense' violates the Double Jeopardy Clause." (*Id.*). Second, Leachman argues that the "entire course of reprosecution—involving both the new indictments and the old—violates the Due Process Clause" and he requests that the Court vacate the indictments in cause numbers 1520246 and 1520247 due to prosecutorial vindictiveness. (*Id.* at 7–8, 11). Third, Leachman claims that the State's prosecution in all

4

three pending criminal proceedings violate the Sixth Amendment's guarantee to a speedy trial. (*Id.* at 9). As relief, Leachman seeks that this Court (1) declare that the indictments in cause numbers 1520246 and 1520247 violate the Double Jeopardy Clause; (2) declare that the indictments in cause numbers 1520246 and 1520247 represent an instance of prosecutorial vindictiveness; (3) vacate the indictments in cause numbers 1520246 and 1520247; (4) declare that the circumstances presented here represent an extreme denial of his right to a speedy trial; and (5) order the State to dismiss with prejudice the indictment in cause number 786224 for speedy-trial violations and for prosecutorial vindictiveness; or, in the alternative, if the Court sustains only his double jeopardy claim, order that cause number 786224 may proceed to trial after the indictments in cause numbers 1520246 and 1520247 have been dismissed. (*Id.* at 11–12).

The respondent has filed a motion to dismiss, arguing that Leachman's speedy trial and prosecutorial vindictiveness claims are unexhausted and, in any event, that the Court should abstain from intervening in the pending state criminal proceedings pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (*See* Docket Entry No. 10, at 6–13). As to the double jeopardy claim, the respondent argues that it should be dismissed because Leachman has failed to state a claim. (*Id.* at 13–17). Leachman has filed a response to the motion to dismiss.[3] (*See* Docket Entry No. 12).

---

[3] Leachman argues that the respondent's answer to his federal habeas petition in the form of a motion to dismiss is not allowed by the Rules Governing Section 2254 Cases in the United States District Courts. (Docket Entry No. 12, at 3–4). Leachman also asserts that records from his state court proceedings are needed so that the Court can analyze his contentions that neither *Younger* abstention nor the exhaustion bar apply. (*Id.*). Leachman is mistaken in his belief that a motion to dismiss is not a proper response to a habeas petition. *See Lonchar v. Thomas*, 517 U.S. 314,

## II.    THE APPLICABLE LEGAL STANDARDS

### A.    Habeas Review

Because Leachman is a pretrial detainee, his petition is governed by 28 U.S.C. §

2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citations omitted).

Section 2241 authorizes a federal writ of habeas corpus where a prisoner can show that he

is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28

U.S.C. § 2241(c)(3).  A state pretrial detainee may seek a federal writ of habeas corpus

under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in

custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available

state remedies.  *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973);

*Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Unlike habeas petitions

governed by the Antiterrorism and Effective Death Penalty Act of 1996, habeas petitions

under § 2241 are reviewed *de novo* by federal courts.  *See Martinez v. Caldwell*, 644 F.3d

238, 242 (5th Cir. 2011).

The Rules Governing Section 2254 Cases in the United States District Courts apply

to Leachman's § 2241 petition.  *See* Rule 1(b), Rules Governing Section 2254 Cases in the

United States District Courts (stating that the "district court may apply any or all of these

rules to a habeas corpus petition not covered by [petitions brought under 28 U.S.C. §

2254]").  Rule 4 directs that "[i]f it plainly appears from the petition and any attached

---

325 (1996).  Moreover, as will be discussed further below, *see infra* Section III.A–B, records from
Leachman's state court proceedings are not necessary for the Court to analyze the exhaustion or
*Younger* arguments.

exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition…."  Rule 4, Rules Governing Section 2254 Cases in the United States

District Courts.

      **B.**    *Pro Se* **Petitioner**

Leachman proceeds *pro se*.  *Pro se* habeas petitions are construed liberally and "are

not held to the same stringent and rigorous standards as are pleadings filed by lawyers."

*United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

## III.    <u>DISCUSSION</u>

      **A.**    **Leachman's Speedy Trial and Prosecutorial Vindictiveness Claims are Unexhausted**

Leachman argues that he is entitled to relief because his pending state criminal

proceedings "represent an extreme denial" of his right to a speedy trial and are motivated

by prosecutorial vindictiveness.  (*See* Docket Entry No. 7).  The respondent argues that

Leachman's speedy trial and prosecutorial vindictiveness claims should be dismissed

because Leachman has failed to exhaust his state court remedies as to these claims.  (Docket

Entry No. 10, at 6).

As noted above, to warrant habeas relief under 28 U.S.C. § 2241, a petitioner must

have exhausted all available state court remedies.  *Braden*, 410 U.S. at 489; *Dickerson*, 816

F.2d at 224.  Although the statutory text of § 2241 does not contain an express exhaustion

requirement, "courts have grafted an exhaustion requirement onto § 2241[.]"  *Hartfield v.

Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015).  As explained by the Fifth Circuit, this

judicially-crafted exhaustion requirement stems from the theory that federal courts should abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225 (citations omitted).  The exhaustion requirement "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process."  *Id.* (citations omitted).  A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted).

Once an indictment has been returned, the proper procedure for challenging the denial of a speedy trial is by filing a motion with the state district court judge to set aside the indictment pursuant to Article 27.03 of the Texas Code of Criminal Procedure.[4]  *See Smith v. Gohmert*, 962 S.W.2d 590, 592–93 (Tex. Crim. App. 1998).  Similarly, to challenge a prosecution on prosecutorial vindictiveness grounds, a criminal defendant must

---

[4] The United States Constitution guarantees that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions.  U.S. Const. amend VI.  The Sixth Amendment right to a speedy trial is applicable to the states pursuant to the Fourteenth Amendment's Due Process Clause.  *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).  The Texas Constitution contains a similar speedy trial right.  *See* Tex. Const. art. I, § 10.

also first present the claim to the state district court judge.[5]  *See Neal v. State*, 150 S.W.3d

169, 174–75 (Tex. Crim. App. 2004) (en banc) (explaining that the trial judge decides a

vindictive prosecution claim).  If the trial court erroneously denies either motion, the

defendant may appeal any conviction resulting from the continued prosecution to the Texas

Court of Criminal Appeals.  *See Gohmert*, 962 S.W.2d at 592–93 (explaining that a direct

appeal provides an adequate remedy at law for an alleged speedy trial violation); *Ex parte

Estrada*, 573 S.W.3d 884, 895 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (holding that

a vindictive prosecution claim is not cognizable in a pretrial habeas corpus proceeding and

that instead is the type of claim whose resolution "may be aided by the development of a

record at trial") (citations omitted).  Accordingly, both speedy trial and vindictive

prosecution claims are appropriate for review on post-conviction appeals, but not in pretrial

habeas applications.  *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)

(citations omitted); *Ex parte Estrada*, 573 S.W.3d at 895.

Leachman represents that he filed a motion to dismiss the indictments in cause

numbers 786224, 1520246, and 1520247, for vindictive prosecution and for want of a

speedy trial, and that the motion was denied by the state district court judge on June 20,

2019.  (Docket Entry No. 7, at 5).  Leachman admits that he has not appealed the denial of

---

[5] The prohibition against vindictive prosecutions is grounded in the "most basic" due process right not to be punished for what the law plainly allows a defendant to do.  *See United States v. Goodwin*, 457 U.S. 368, 372 (1982).  The Supreme Court has held that the due process clause is offended by the possibility of increased punishment after a successful appeal where it poses "a realistic likelihood of vindictiveness" on the part of the prosecutor.  *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).  Accordingly, a prosecutor may not increase the charge against a defendant solely as a penalty for invoking a right.  *See United States v. Krezdorn*, 718 F.2d 1360, 1363–65 (5th Cir. 1983) (en banc).

the motion.[6]   (*Id.*).   Accordingly, because Leachman has not filed a direct appeal of the denial of his motion to set aside the indictments based upon prosecutorial vindictiveness and for want of a speedy trial, his speedy trial and vindictive prosecution claims must be dismissed without prejudice for failure to exhaust state court remedies.[7]   Alternatively, Leachman's speedy trial and vindictive prosecution claims may be dismissed for reasons discussed below.

### B.   No Exception to the *Younger* Doctrine Applies that Would Allow for Consideration of Leachman's Speedy Trial and Vindictive Prosecution Claims

The respondent argues that the Court should not enjoin Leachman's pending criminal prosecution in state court because Leachman is unable to show that he will suffer the type of irreparable injury required by *Younger v. Harris*, 401 U.S. 37 (1971) if this Court does not intervene.   (*See* Docket Entry No. 10, at 10–13.)   Leachman counters that although his § 2241 petition meets the criteria for federal court abstention from on-going

---

[6] Leachman states that he has not appealed the denial of the motion because Texas law does not permit interlocutory appeals for the denial of a motion to dismiss the indictment based on a speedy trial violation or a claim of prosecutorial vindictiveness.   (Docket Entry No. 7, at 5).   While Leachman may be correct that Texas law does not allow for interlocutory review of these issues, as discussed above, there are still state remedies available to Leachman concerning these claims, which he admits to not having exhausted.

[7] To the extent that a speedy trial is the relief Leachman seeks—as opposed to setting aside of the pending state court indictments and discharge for the delay—Leachman does not allege that he has exhausted the appropriate avenue of relief.   The proper procedure to enforce the right to a speedy trial is to file a pretrial petition for a writ of mandamus in the Texas Court of Criminal Appeals. *See Thomas v. Stevenson*, 561 S.W.2d 845, 846–47 (Tex. Crim. App. 1978); *Smith v. Gohmert*, 962 S.W.2d 590, 593 n.7 (Tex. Crim. App. 1998).   Leachman does not allege that he has filed a petition for a writ of mandamus (or any other proceeding) that would properly present the right to a speedy trial before the Texas Court of Criminal Appeals, to the extent he is making any such claim.

10

state court criminal proceedings, two exceptions to the *Younger* doctrine apply.  (*See* Docket Entry No. 12, at 13–21).

The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny have established that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. 37); *see also Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by…*Younger*…federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted.") (citations omitted).  The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principles of comity and federalism.  *Younger*, 401 U.S. at 44.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over state criminal defendants' claims when the following three criteria are met: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  If those three conditions are satisfied, a federal court may disregard the *Younger* doctrine and assert jurisdiction only if one of the following narrowly delimited exceptions apply:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger*, 401 U.S. at 45, 53–54). The petitioner has the burden of showing that an exception applies. *See Gates*, 885 F.3d at 881; *Stewart v. Dameron*, 460 F.2d 278, 279 (5th Cir. 1972). "Mere conclusory allegations…are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). Leachman does not dispute that his § 2241 petition meets the criteria for *Younger* abstention. Instead, Leachman asserts that the first and third exceptions to the *Younger* doctrine apply.

To invoke the bad faith exception, "the federal plaintiff must show the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citation omitted). Further, "[a] prosecution is taken in bad faith if state officials proceed 'without hope of obtaining a valid conviction.'" *Gates*, 885 F.3d at 881 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[T]he 'bad faith' exception is narrow and should be granted parsimoniously." *Gates*, 885 F.3d at 881 (quoting *Hensler v. Dist. Four Grievance Comm. of State Bar of Tex.*, 790 F.2d 390, 391 (5th Cir. 1986)).

Although the Supreme Court has not defined the scope of the "extraordinary circumstances" exception, it has made clear that "[o]nly if 'extraordinary circumstances'

12

render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 125.

In arguing that an exception to the *Younger* doctrine applies, Leachman asserts that the very fact that he is bringing a vindictive prosecution claim qualifies as an exception to *Younger* abstention. (Docket Entry No. 12, at 15). Leachman goes on to argue that after Judge Hoyt held that his aggravated sexual assault of a child conviction was invalid, the State brought "additional charges and restructured the prosecution to seek multiple retrials and multiple convictions with potential life sentences." (*Id.* at 16). As to his speedy trial claim, Leachman argues that the length of delay coupled with the "existence of prejudice" and his requests for a speedy trial qualifies as an extraordinary circumstance. (*Id.* at 19).

Here, no exception to the *Younger* abstention doctrine applies that would allow this Court to enjoin the pending state criminal proceedings against Leachman. First, Leachman has failed to demonstrate that the narrow bad faith exception applies to the facts of this case. The mere fact that the State moved for a new trial after Leachman was successful in his federal habeas petition and then reindicted the aggravated sexual assault of a child offense into two separate indictments—cause number 1520246 (anal sodomy) and cause number 1520247 (oral sodomy)—does not mean in and of itself that the bad faith exception

is met.[8]  *See, e.g.*, *Evans v. Court of Common Pleas, Del. Cnty., Pa.*, 959 F.2d 1227, 1234

(3d. Cir. 1992) ("[E]ven a claim of prosecutorial vindictiveness will not suffice to

overcome the general principle that federal review of a criminal prosecution is unavailable

before the state proceeding is complete.") (citing *Flynt v. Ohio*, 451 U.S. 619 (1981));

*Odom v. McMaster*, C.A. No. 2:10-cv-873-MBS, 2010 WL 3169375, at *4  (D.S.C. Aug.

6, 2010) (finding that bad faith exception to the *Younger* doctrine did not apply to enjoin

plaintiff's vindictive prosecution claim); *Arndt v. Pennsylvania*, Civ. No. 3:11-cv-856,

2011 WL 3876161, at *3 (M.D. Pa. Aug. 31, 2011) (same).  Significantly, Leachman has

not shown that the State's prosecution in cause number 1520246 (anal sodomy) and cause

number 1520247 (oral sodomy) was initiated without hope of obtaining a valid conviction.

Leachman also has not demonstrated that he will face irreparable injury if this Court defers

to the state court's adjudication to hear his case.  To the contrary, because Leachman has

the opportunity to appeal any potential conviction in state court on direct appeal and in

collateral proceedings, as well as through federal habeas corpus proceedings, he does not

face irreparable injury.  *See Gibson v. Orleans Parish Sheriff*, 971 F. Supp. 2d 625, 631

---

[8] It appears that a grand jury indicted Leachman on the two separate counts of aggravated sexual assault of a child (i.e., anal sodomy in cause number 1520246 and oral sodomy in cause number 1520247).  *See Ex parte Leachman*, 554 S.W.3d at 734 (recounting the procedural history of Leachman's state criminal proceedings and describing that after the state judge granted the State's motion for a new trial, "the state court granted the State's motions to transfer its prior filings to new cause numbers, noting that the original indictment under trial court cause number 786224 had been reindicted into two separate trial court cause numbers, 1520246 (anal sodomy) and 1520247 (oral sodomy), after the grand jury had indicted Leachman on two separate counts of aggravated sexual assault of a child.").  That "a grand jury found the requisite probable cause to issue an indictment against [the defendant]…weighs against a determination that [the prosecutor] prosecuted [the defendant] with no hope of obtaining a valid conviction." *Jordan v. Reis*, 169 F. Supp. 2d 664, 669 (S.D. Tex. 2001).

(E.D. La. 2013) (finding that petitioner did not face irreparable injury if the federal court deferred to the state court's jurisdiction to hear the criminal case because petitioner could appeal his state case if convicted); *Rhodes v. Plummer*, No. C 96-3924 EFL, 1996 WL 721825, at *2 (N.D. Cal. Dec. 9, 1996) (finding that petitioner did not meet his burden to show irreparable harm or special circumstances that would justify federal court intervention into his vindictive prosecution claim because if petitioner were to be convicted in state court, state court postconviction and collateral proceedings and federal habeas corpus proceedings would be available to petitioner) (citing *United States v. Hollywood, Motor Car Co.*, 458 U.S. 263, 269 (1982)).  Leachman's conclusory contentions that the State's continued prosecution of the aggravated child assault charge is motivated by bad faith or to harass are supported by nothing more than speculation.

Second, Leachman's other assertions of "extraordinary circumstances" also miss the mark.  Leachman argues that the "existence of prejudice," combined with the trial delay, demonstrate a need for this Court to intervene.  Even though Leachman claims that he has "documented multiple types of prejudice" in the state court proceeding arising from the alleged trial delay, Leachman does not inform this Court of the nature of the "multiple prejudices"—he merely asserts that they exist.[9]  Such conclusory allegations are insufficient to demonstrate that an exception to *Younger* abstention applies.  *See Kirschner*, 225 F.3d at 236.

---

[9] To the extent that Leachman asserts that he needs records from his state court proceedings in order to show prejudice or make any other arguments related to exhaustion or *Younger* abstention (*see* Docket Entry No. 12, at 8–10), the Court finds that such materials are not needed for the disposition of the § 2241 petition.

Finally, it is well settled that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial…." *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). Absent "special circumstances," federal habeas relief is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction. *Dickerson*, 816 F.2d at 226–27 (citing *Braden*, 410 U.S. at 490). The Sixth Amendment right to a speedy trial is not a "special circumstance" which would permit the federal habeas court to adjudicate a petitioner's affirmative defenses prior to trial. *Dickerson*, 816 F.2d at 227; *see also Gates*, 885 F.3d at 882 ("[T]he alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding."). Here, Leachman seeks the dismissal of the state charges against him.[10] Federal habeas relief is not available to petitioners like Leachman who seek "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493; *see also Dickerson*, 816 F.2d at 226, 229. Leachman has not met his burden to show that special circumstances are present.

Because Leachman fails to plead specific facts showing that the pending state court proceedings were brought in bad faith or that there are other extraordinary circumstances

---

[10] It is clear that the relief Leachman seeks is *not* to force the State to go to trial; instead, he seeks the dismissal of the charges. Leachman admits that he requested the state district court judge to dismiss his state court indictments for speedy trial violations. (*See* Docket Entry No. 12, at 9). Similarly, the relief he seeks from this Court is to "order the State to dismiss with prejudice the indictment in 786224 for speedy-trial violations." (*See* Docket Entry No. 7, at 11).

meriting federal intervention into his ongoing state criminal proceeding, the Court declines to apply any exceptions to the *Younger* abstention doctrine.

### C.    Double Jeopardy Claim

Leachman claims that the prosecutions in cause numbers 1520246 and 1520247 violate the Double Jeopardy Clause's prohibition on multiple trials and multiple punishments. (Docket Entry No. 7, at 6). He argues that jeopardy attached to cause number 786224 in 1998 and never terminated; thus, he asserts that he is still "in jeopardy" under cause number 786224 and the indictments in cause numbers 1520246 and 1520247 represent "new jeopardies" for the same offense. (Docket Entry No. 12, at 22–35). Leachman argues that the prosecutions in cause number 1520246 and cause number 1520247 "create additional potential for trial and conviction on the same allegations[,]" and that seeking multiple trials on the "same offense" violates the fundamental fairness underlying the Double Jeopardy Clause.

The respondent argues that Leachman's double jeopardy claim should be dismissed because he fails to state a claim.[11]  (*See* Docket Entry No. 10, at 14–17). The respondent claims that once the state district court judge granted the State's motion for a new trial in November 2015, Leachman was returned to the pretrial phase before his first trial, and initial jeopardy continues. The respondent argues that because the State has not tried or convicted Leachman on any of the pending charges, Leachman cannot show that the State is attempting to relitigate the facts underlying a prior acquittal or attempting to secure

---

[11] The respondent submits that Leachman has exhausted state court remedies as to his double jeopardy claim. (*See* Docket Entry No. 10, at 13 n.6).

additional punishment after a prior conviction or sentence. The respondent goes on to assert that if the State seeks serial trials after the result of the first case, then Leachman may raise a double jeopardy challenge at that time. The respondent asserts that jeopardy must attach to at least one of his pending indictments before any double jeopardy analysis is appropriate.

The Double Jeopardy Clause contained in the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend V. The prohibition against double jeopardy protects against (1) a "second prosecution for the same offense after acquittal"; (2) a "second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." *United States v. Rabhan*, 628 F.3d 200, 204 (5th Cir. 2010) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

The Double Jeopardy Clause, however, is "not an absolute bar to successive trials." *Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 308 (1984). Reprosecution is not barred by the Clause when a jury fails to reach a verdict or a defendant successfully appeals his conviction on a ground other than sufficiency of the evidence. *See Yeager v. United States*, 557 U.S. 110, 118 (2009) (citing *Richardson v. United States*, 468 U.S. 317, 323 (1984)); *Lydon*, 466 U.S. at 308 (citing *Burks v. United States*, 437 U.S. 1 (1978)). In either of these two circumstances, the reprosecution of the defendant is considered a continuation of the original jeopardy. *See Yeager*, 557 U.S. at 118. As explained by the Supreme Court:

> When a conviction is overturned on appeal, the general rule is that the [Double Jeopardy] Clause does not bar reprosecution. The ordinary consequence of vacatur, if the Government so elects, is a new trial shorn of

the error that infected the first trial.  This "continuing jeopardy" rule neither
gives effect to the vacated judgment, nor offends double jeopardy principles.
Rather, it reflects the reality that the criminal proceedings against an accused
have not run their full course.

*Bravo-Fernandez v. United States*, 137 S. Ct. 352, 363 (2016) (internal citations and

quotation marks omitted).

In a criminal prosecution involving a jury trial, jeopardy attaches when the jury is

empaneled and sworn.  *Crist v. Bretz*, 437 U.S. 28, 38 (1978); *United States v. Jones*, 733

F.3d 574, 580 (5th Cir. 2013) (citing *United States v. Stricklin*, 591 F.2d 1112, 1120 (5th

Cir. 1979)).  Once jeopardy has attached, "the protection of the Double Jeopardy Clause

by its terms applies only if there has been some event, such as an acquittal, which

terminates the original jeopardy."  *Richardson*, 468 U.S. at 325.  In other words, in the

context of a successive prosecution, "a defendant's double jeopardy concerns arise only

after original jeopardy attaches *and* terminates."  *United States v. Garcia*, 567 F.3d 721,

730 (5th Cir. 2009) (emphasis in original) (citing *Richardson*, 468 U.S. at 325); *see also*

*United States v. Achobe*, 560 F.3d 259, 266–67 (5th Cir. 2008) ("[W]here [a] conviction is

not finally attained, for instance with a hung jury, or where…it is overturned on grounds

not implicating sufficiency, there is no jeopardy bar, because in such cases…jeopardy

never ceased.") (internal footnotes omitted).  The Fifth Circuit has recognized that there

are only three possible "jeopardy terminating events" that would bar a retrial: "(1) an

acquittal, (2) a trial court determination of insufficiency leading to a directed verdict of

acquittal, and (3) an unreversed determination on direct appeal that there was insufficient

evidence to support the conviction." *Garcia*, 567 F.3d at 730 (quoting *Vanderbilt v. Collins*, 994 F.2d 189, 195 (5th Cir. 1993)).

The Double Jeopardy Clause is not offended by the facts presented in this case. Leachman's argument that the simultaneous prosecutions in cause numbers 786224, 1520246, and 1520247 violate the double jeopardy prohibition on a second prosecution after a conviction and on multiple punishments is mistaken.   Here, there is no double jeopardy concern regarding a second prosecution after a conviction because initial jeopardy has never terminated: Leachman's state court conviction in cause number 786224 was overturned due to trial court error related to Leachman's right to represent himself under *Faretta*.  Thus, there has been no "jeopardy terminating event" that would bar retrial.  *See Garcia*, 567 F.3d at 730; *Achobe*, 560 F.3d at 266–67.  In other words, "[w]ithout former jeopardy, double jeopardy cannot arise." *United States v. Arreola-Ramos*, 60 F.3d 188, 193 (5th Cir. 1995).  Accordingly, Leachman's assertion that the Double Jeopardy Clause's prohibition on multiple trials has been violated is without merit.

Similarly, the claim that the bar to multiple punishments has been violated at this stage in the state proceedings is also without merit because the State's pursuit of simultaneous prosecutions does not offend the Double Jeopardy Clause.  To the extent that the charges brought in the state criminal indictments are multiplicitous of one another,[12] the Double Jeopardy Clause's prohibition on multiple punishments is not violated:

> Where there has been no [jeopardy terminating event that would bar a retrial],
> the Double Jeopardy Clause does not protect against simultaneous

---

[12] The indictments in Leachman's state criminal proceedings have not been made a part of the record in this case.

prosecutions for the same offense, so long as no more than one punishment is eventually imposed.  It is well established that "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion," and "a defendant has no constitutional right to elect which of two applicable…statutes shall be the basis of his indictment and prosecution…."  *United States v. Batchelder*, 442 U.S. 114, 124 (1979)….Even where the Double Jeopardy Clause would bar cumulative punishment for more than one such offense, "the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution."  *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)….

Accordingly, "[i]f, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense."  *Ball* [*v. United States*], 470, U.S. [856] 865 [(1985)].  If the jury convicts on no more than one of the multiplicitous counts, there has been no violation of the defendant's right to be free from double jeopardy, for he will suffer no more than one punishment.  If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments from the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts….Or, if judgment of conviction has been entered on more than one such count, the district court should vacate the conviction on all but one.

*United States v. Josepherg*, 459 F.3d 350, 355 (2d Cir. 2006); *see also United States v. Farmer*, 923 F.2d 1557, 1563 (11th Cir. 1991) ("It is clear that the Double Jeopardy Clause protects a criminal defendant against *successive*, rather than simultaneous, prosecutions…[T]he reprosecution on the substantive count in the instant case…is not a successive prosecution barred by double jeopardy but rather, a mere continuation of the initial prosecution [under the concept of continuing jeopardy]") (emphasis in original) (citing *United States v. Larkin*, 605 F.2d 1360, 1368–68 (5th Cir. 1979)).  Therefore, Leachman's assertion that the Double Jeopardy Clause's prohibition on multiple punishments has been violated is without merit.

Accordingly, Leachman is not entitled to federal habeas corpus relief on his double jeopardy claim.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional rights" 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDonald*, 529 U.S. 473, 484 (2000)).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484).  When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because Leachman has not made the required showing, this Court will not issue a certificate of appealability.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion to dismiss (Docket Entry No. 10) is **GRANTED**.

2.    The petition for a writ of habeas corpus filed by Matthew James Leachman under 28 U.S.C. § 2241 is **DENIED** and this case is **DISMISSED without prejudice**.

3.    Any and all remaining motions are **DENIED as moot**.

4.    A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas on October 20, 2020.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE